JANE S. BUERMEYER v. H. ERNEST BUERMEYER

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 73084

Memorandum filed July 15, 1947.

*Brennan* and *Gaffney,* of Stamford, for the Plaintiff.

MOLLOY, J. The petitioner seeks a divorce on the ground of intolerable cruelty. She was married to the defendant April 5, 1938. They have two children as a result of this union. They separated January 1, 1946.

About October 1, 1945, the defendant, then assistant treasurer of the Greenwich Trust Company in Greenwich, was found short in some of the accounts at the bank and was discharged. He subsequently received a suspended sentence. The petitioner asked her husband how much he was short. He said two or three thousand dollars. It developed later that this was untrue. He had defaulted in several accounts and in a much larger amount than he had first admitted to his wife.

The chief complaint of the petitioner upon which she bases her plea for a divorce on the ground of intorerable cruelty is that her husband lied to her on several occasions subsequent to her first finding out about his defalcations; that he also tried to claim ownership of some bonds (about $1500 worth) which were actually bought with her money; and that she discovered that he had some jewelry belonging to his mother which he had told her nothing about. This last matter greatly insulted her, to use her words in testifying.

This lying and these discoveries about the bonds and jewelry the petitioner claims constitute intolerable cruelty. This is all the evidence offered in support of her petition.

Now there is no doubt that the petitioner has suffered grievously as a result of her husband's defalcations and disgrace. She said she was willing, however, to "forgive and forget" and be a good wife to him and loyal to him in spite of what he had done. She contends it was his lying to her, as reffered to above, which made life with him intolerable and a repudiation of the marriage contract which in short is the meaning of intolerable cruelty under our statute.

There is no question but that the plaintiff has had a nervous breakdown or has been on the verge of one. But the question is, is it the result of her husband's disgrace, or is it the result of his having failed to "come clean" with her as to the extent of his defalcations. She says she was willing to stand the disgrace of her husband's misdeeds but that it was his lying to her which constituted the unbearable condition forcing her to separate from him.

It is my opinion as I review the evidence that it was the mortification and injured pride which the plaintiff suffered which brought about her physical and mental disturbance. No doubt his lying to her affected her somewhat. But it was the petitioner's pride which was hurt by her husband's misdeeds. To her, her standing in the community was wrecked. She was a leader in Greenwich; she belonged to various clubs and social organizations. This was too much. She never suffered any violent physical acts from her husband. In fact, he was not abusive to her in any way.

When he left Greenwich in March, 1946, she gave him some money to start anew somewhere else. He has apparently succeeded. She has greatly improved in health since he has gone from her. This was to be expected. Time is a great healer. The source of her humiliation is away from her. But does that constitute intolerable cruelty? In the January, 1947 issue, Vol. 21 No. 1, 64 of the Connecticut Bar Journal, we find an article entitled "Intolerable Cruelty: A Review of the Connecticut Cases," by Victor M. Gordon, a member of our bar, which review is very informative, particularly in these days when it seems to have become the opinion of the bar that anything goes in an alleged intolerable cruelty case. I have studied this review of our cases on this subject. I will not attempt to analyze the cases referred to therein. I do draw the conclusion, as does the

author (p. 87) that "What does and does not constitute in-tolerable cruelty varies with the times, no exact definition, except by way of negative description, obtaining. However, the offending party must be guilty of conduct that is tantamount to a practical annulment and repudiation of the marriage covenant."

The petitioner in this case does not base her claim for a divorce, as I have said before, upon the shock and disgrace of her husband having been found out to be a defaulter. It is because of some lies he told her about his trouble and the jewelry instance, which she claims made life unbearable and a practical repudiation of the marriage covenant. If this is intolerable cruelty, knowing human nature as it is, we may as well throw the law concerning the intolerable cruelty statute out the window.

This defendant was in trouble. He tried to minimize the extent of it to her by being untruthful to her on several occasions between October 1, 1945 and January 1, 1946, a period of three months. This does not constitute intolerable cruelty by the widest stretch of the imagination, if the cases mean anything, and of course they do. They amply justify a finding that this petition be denied and it is so ordered.